IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JERRY ALLEN MCMAHON,

    Petitioner,

v.

STATE OF WISCONSIN,

    Respondent.

OPINION AND ORDER

16-cv-327-wmc

---

Petitioner Jerry Allen McMahon has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, claiming that his 1997 Wisconsin conviction for second-degree sexual assault of a child is invalid because the LaCrosse County Sherriff's Department violated 28 U.S.C. § 1442. Additionally, he argues that his 20-year sentence exceeds the maximum permissible under federal law. After conducting a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court concludes that this case must be dismissed because McMahon has failed to raise any claim suggesting that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

OPINION

Jerry Allen McMahon was convicted of one count of second-degree sexual assault of a child after pleading no-contest. *See State v. McMahon*, 97-cr-2789-NM (La Crosse Cnty.) He argues that the case should have been removed to federal court under 28 U.S.C. § 1442. That statute permits the removal to federal court of certain criminal prosecutions commenced in state court against officers of the United States. McMahon does not explain why he

1

believes that his case could have been removed to federal court, such as that he was acting as an officer of the United States during the incident supporting his conviction. Even assuming McMahon's case *could* have been removed to federal court, however, this claim does not support habeas relief for two reasons. First, under § 1442(a), it was McMahon's responsibility to request removal to federal court, *not* the state's. Second, removal under § 1442 is optional, not mandatory. The failure to request removal to federal court does not invalidate McMahon's conviction.

McMahon's second argument is that his 20 year sentence exceeds the maximum sentence for sexual conduct set forth in 18 U.S.C. § 2244. This claim also fails because McMahon was not prosecuted for violating federal law. He was prosecuted for violating Wisconsin law, which provided a 20-year maximum sentence. *See State v. McMahon*, 215 Wis. 2d 325 (1997). Accordingly, McMahon has not raised any claim entitling him to habeas corpus relief.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). Generally, this means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so

in this case because the question is not a close one. McMahon has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

ORDER

IT IS ORDERED THAT petitioner Jerry McMahon's habeas corpus petition is DENIED and this matter is DISMISSED. A certificate of appealability is DENIED. If petitioner wishes he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 15th day of June, 2017.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge